UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-80520-CIV-RYSKAMP/VITUNAC

CHERYL GATHAGAN, on her
own behalf and others similarly situated,

    Plaintiff,

v.

THE RAG SHOP/HOLLYWOOD,
INC., a Florida corporation,

    Defendant.
_____/

FILED by _____ D.C.

FEB 1 0 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B

**CLOSED CASE**

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO BE DECLARED PREVAILING PARTY

THIS CAUSE comes before the Court pursuant to Plaintiff Cheryl Gathagan's ("Plaintiff") Notice of Acceptance of Settlement and Motion to be Declared Prevailing Party, filed November 15, 2004 **[DE 23]**. Defendant The Rag Shop/Hollywood, Inc. ("Defendant") responded and filed a Cross-Motion to Dismiss the Amended Complaint With Prejudice on grounds of mootness on December 6, 2004 **[DE 25]**. Plaintiff responded to the cross-motion on December 13, 2004 **[DE 26]**, and Defendant replied on December 20, 2004 **[DE 27]**. These motions are ripe for adjudication.

### I. BACKGROUND

Plaintiff filed this action on June 4, 2004, seeking alleged unpaid overtime compensation, liquidated damages, costs and attorneys' fees pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. 216(b). (Compl. ¶ 5.) Plaintiff has assigned any entitlement to attorneys' fees to her counsel. (Ex. A to Kashickey Decl. I.)

Page 2

Plaintiff estimates that she worked 50 hours per week during the relevant statutory period. (Exs. B, C & D, Kashickey Decl. I. ¶¶ 5-6.) Plaintiff claims that she is unable to inform Defendant as to the exact number of overtime hours she worked because Defendant possesses her "schedules/time sheets." (Ex. P. to Response.) Defendant claims that Plaintiff, an assistant manager, was an exempt employee and that it did not keep such documentation for her.

Based on Plaintiff's estimate, Defendant tendered to Plaintiff on October 27, 2004 one check in the amount of $13,364.42 ($18,482.00 less applicable wage withholdings) for unpaid overtime, and second check in the amount of $18,482.00 for liquidated damages. (Ex. H, Kashickey Decl. I. ¶ 12.) Plaintiff accepted the tender, and the parties agreed to work out an attorneys' fees arrangement. Defense counsel surmised that the fees agreement would amount to several thousand dollars, but on November 15, 2004, Plaintiff's counsel requested $21,500.00 in fees.[1] The same day, Plaintiff filed her "Notice of Acceptance of Defendant's Offer of Settlement and Motion to be Declared the Prevailing Party," characterizing the October 27 letter as an "offer of settlement" and requesting designation as a prevailing party entitled to attorneys' fees.

Defendant moves to dismiss with prejudice pursuant to Rule 12(b)(1) on the grounds that its tender to Plaintiff mooted this action. In the event that the Court rules that Plaintiff is not a prevailing party, Plaintiff requests permission to revoke her acceptance of Defendant's tender and proceed with the prosecution of this action.

---

[1] Both parties claim that counsel for the other side engaged in dilatory discovery and pre-trial behavior, thereby inflating the number of hours spent on this matter. The reasonableness of the amount of a fees award is not at issue, however, as the Court holds that Plaintiff is not a prevailing party entitled to fees.

## II. DISCUSSION

A.  **Prevailing Party Status**

A "prevailing party" is "[a] party in whose favor judgment is rendered, regardless of the amount of damages awarded." Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 603, 121 S.Ct. 1835, 1839 (2001) (quoting Black's Law Dictionary 1145 (7th ed. 1999)). Buckhannon involved a West Virginia assisted living facility that failed to comply with a state "self-preservation" requirement that all residents be physically able to remove themselves from dangerous situations. Id. at 600, 121 S.Ct. at 1838. The facility sought injunctive and declaratory relief that the state code requirement violated the Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act. Id. at 601, 121 S.Ct. at 1838. Prior to trial, the state legislature eliminated the "self-preservation" requirement. Id. The district court granted Defendant's motion to dismiss on grounds of mootness, holding that Plaintiffs were not entitled to attorneys' fees because they had "failed to secure a judgment on the merits or a court-ordered consent decree." Id. at 600, 121 S.Ct. at 1838. The voluntary change in defendant's conduct, absent judicial approval thereof, was insufficient to grant Plaintiff prevailing party status. Id.

This district applied the Buckhannon rule in Goss v. Killian Oaks House of Learning, 248 F.Supp.2d 1162, 1167 (S.D. Fla. 2003), in which an FLSA defendant voluntarily tendered to plaintiff the maximum amount she could have recovered under the statute. The district court approved the settlement agreement and retained jurisdiction to enforce the agreement, thereby effecting a "judicially sanctioned change in the legal relationship of the parties." Id. (citing American Disability Assoc. v. Chmielarz, 289 F.3d 1315, 1321 (11th Cir. 2002) (district court's

Page 4

approval of settlement agreement and express retention of jurisdiction to enforce agreement was equivalent to consent decree, thereby making Plaintiff a prevailing party)).

Although Plaintiff has achieved a voluntary alteration of Defendant's conduct, she has done so without judicial sanction. Plaintiff's unilateral characterization of Defendant's tender as a "settlement offer" is irrelevant. Absent submission of a settlement agreement to the Court and the Court's retaining jurisdiction for the enforcement thereof, Plaintiff is not a prevailing party.

Plaintiff cites no controlling authority for the proposition that acceptance of Defendant's tender is sufficient to convey prevailing party status. Plaintiff relies on language in Small v. Richard Wolf Medical Instruments Corp., 264 F.3d 702, 707 (7th Cir. 2001) stating that "[p]revailing plaintiffs, which may include plaintiffs who favorable settle their cases, are entitled to attorney's fees under the FLSA." Plaintiff neglects to mention that a consent judgment preceded entry of the fees award in that matter. Id. at 704-05. The remainder of Plaintiff's cases are likewise unpersuasive. See The Ocean Conservatory, Inc. v. National Marine Fisheries Order Service, 382 F.3d 1159, 1162 (9th Cir. 2004) (dismissal of Endangered Species Act case "with instructions" is equivalent to a court order granting the relief sought); Manriquez v. Manuel Diaz Farms, Inc., No. 00-1511, 2002 WL 1050331, at *1 (S.D. Fla. May 23, 2002) (recommending award of attorneys' fees to FLSA plaintiff where court retained jurisdiction over settlement agreement); Utility Automation 2000, Inc. v. Choctawhatchee Electric Cooperative, Inc., 298 F.3d 1238, 1248 (11th Cir. 2002) (acceptance of Rule 68 offer of judgment is an "enforceable judgment" rendering Plaintiff a prevailing party).

The mootness doctrine applies to FLSA actions. Cameron-Grant v. Maxim Healthcare Services, Inc., 347 F.3d 1240, 1244 (11th Cir. 2003). Defendant's tender of Plaintiff's maximum

Page 5

recoverable damages has rendered her case moot, and the motion to dismiss with prejudice is granted. Buckhannon, 532 U.S. at 601, 121 S.Ct. at 1838.

**B.     Revocation of Acceptance**

Plaintiff requests release from acceptance of the tender so that she may continue the prosecution of this action. Plaintiff claims the amount tendered is insufficient because it does not account for attorneys' fees or hours worked in excess of 50 hours per week. The Court has already ruled that Plaintiff is not a prevailing party entitled to attorneys' fees.

As to the number of Plaintiff's overtime hours, if an employer does not or cannot refute a Plaintiff's claim of hours worked, the Court must rely on Plaintiff's estimate when awarding damages.[2] See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88, 66 S.Ct. 1187, 1192 (1946); Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 471-72 (11th Cir. 1982); Gaylord v. Miami-Dade Cty., 78 F.Supp.2d 1320, 1325 (S.D. Fla. 1999). Were this action to proceed to summary judgment, Plaintiff could not recover an amount greater than Defendants' tender. Allowing Plaintiff to proceed would grant her no benefit and would only burden the Court with adjudication of an action for the sole purpose of ensuring that counsel may collect a fee. "[A]n entitlement to attorney's fees cannot be a *carte blanche* license for Plaintiffs to outrageously and in bad faith run up attorney fees without any threat of sanction." Goss, 248 F.Supp.2d at 1168 (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 416 n.5, 98 S.Ct. 694, 697 n.5 (1978)). This Court may even award attorneys' fees to an FLSA Defendant should it find the litigation to be in bad faith. See id. (citing Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437 (11th Cir. 1998). Plaintiff has recovered the maximum amount of damages available to her. The Court

---

[2] The Court makes no ruling as to whether Plaintiff was an exempt employee under the FLSA.

Page 6

will not allow this litigation to proceed merely for compensation of counsel.

### III. CONCLUSION

THE COURT, having considered the parties' pleadings and the pertinent portions of the record, hereby

ORDERS AND ADJUDGES that Plaintiff's Motion to be Declared Prevailing Party, filed November 15, 2004 **[DE 23]** is DENIED. It is further

ORDERED AND ADJUDGED that Defendant's Cross-Motion to Dismiss the Amended Complaint With Prejudice, filed December 6, 2004 **[DE 25]** is GRANTED. The above-styled matter is DISMISSED WITH PREJUDICE. The Clerk of Court shall CLOSE this case and DENY any pending motions as MOOT.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this _7_ day of February, 2005.

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
Gregg I. Shavitz, Esq.
Arlene K. Kline, Esq.
Thomas N. Kashickey, Esq.
Shea Hutchins Lukasko, Esq.